IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**MICHAEL W. FRICKE,**

                    **Petitioner,**

        v.                                      **CASE NO. 04-3124-RDR**

**SECRETARY OF THE NAVY, et al.,**

                    **Respondents.**


### MEMORANDUM AND ORDER

Petitioner proceeds pro se on a petition for writ of mandamus pursuant to 28 U.S.C. § 1361,[1] filed while petitioner was confined in the United States Disciplinary Barracks in Fort Leavenworth, Kansas. Petitioner seeks a court order directing the Secretary of the Navy to involuntarily retire petitioner upon petitioner reaching his twentieth year of creditable service, pursuant to 10 U.S.C. §§ 632(a)(3), 632(b), and 6323. Petitioner contends he reached twenty years of creditable service on April 22, 1998, prior to his court-martial conviction becoming final in 2004 upon expiration of full appellate review.[2] He further contends that application of 10

---

[1] Petitioner also invokes jurisdiction of 5 U.S.C. § 551 (Freedom of Information Act "FOIA") and 5 U.S.C. § 702 (Administrative Procedure Act "APA").

[2] Pursuant to a plea agreement to a non-capital murder charge, petitioner entered a guilty plea in August 1994. The sentence imposed included dismissal from the Navy, confinement for life, total forfeitures of pay and allowances, and a $100,000 fine. On June 11, 1996, the convening authority approved the sentence, but pursuant to the plea agreement suspended confinement in excess of 30 years, and all forfeitures and fines for ten years.
The United States Navy-Marine Corps Court of Criminal Appeals

U.S.C. § 972 as amended on February 10, 1996, to preclude time in confinement after that date being credited towards his years of service, violated the Ex Post Facto Clause because it was his understanding that his 1994 Pretrial Agreement provided that all confinement would be considered "creditable" toward his retirement.

The court granted petitioner's unopposed motion to stay this matter pending resolution of petitioner's related habeas action in which petitioner challenged his court-martial conviction for the 1988 murder of his wife.  *See* Fricke v. Secretary of Navy, D.Kan. No. 03-3412-RDR  ("Fricke I").  When this court denied relief in Fricke I, it lifted the stay in this matter.  Petitioner's appeal in Fricke I is currently pending before the Tenth Circuit Court of Appeals (Appeal No. 06-3240).  That appeal includes petitioner's challenge to the jurisdiction of his 1994 general court-martial, based upon petitioner's claim that he was involuntarily separated from the service in December 1993 by operation of 10 U.S.C. § 632(a) which provides for the involuntary separation of a Lieutenant Commander twice-passed over for promotion.  In the present case, it appears petitioner's  request for mandamus relief is directed at his claim of entitlement to retirement rather than the specific

---

("NMCCA") affirmed the findings and sentence.  U.S. v. Fricke, 48 M.J. 547 (N.M.Ct.Crim.App. 1998).  The Court of Appeals for the Armed Forces ("CAAF") affirmed the trial court's findings, but set aside the sentence and remanded for consideration of petitioner's claim for additional credit for alleged unlawful pre-trial punishment. U.S. v. Fricke, 53 M.J. 149 (C.A.A.F.), *cert. denied*, 531 U.S. 993 (2000).  The NMCCA thereafter affirmed petitioner's sentence, and the CAAF affirmed that decision. U.S. v. Fricke, 60 M.J. 332 (C.A.A.F. 2004).

Petitioner's dismissal from the Navy was executed on February 28, 2005.

jurisdictional claim presented in <u>Fricke I</u>.

Having carefully reviewed the record, the court denies petitioner's application for the extraordinary remedy of a writ of mandamus under 28 U.S.C. § 1361.

Mandamus is a drastic remedy available only upon a showing of a clear and indisputable right to the relief requested. <u>Weston v. Mann (In re Weston)</u>, 18 F.3d 860, 864 (10th Cir. 1994). To qualify for such relief, petitioner must establish in part that no other adequate remedy is available. <u>Johnson v. Rogers</u>, 917 F.2d 1283, 1285 (10th Cir. 1990). Petitioner's application does not satisfy this demanding standard.

As respondents point out, petitioner asserted the same Ex Post Facto claim in an earlier mandamus petition filed in the United States District Court for the Western District of Tennessee. *See* <u>Fricke v. Chief of Navy Personnel</u>, Case No. 03-2391-Ma/V (electronically docketed as Case No. 03-cv-02391-SHM-dkv)(mandamus petition for order directing Chief of Naval Personnel to count petitioner's time in confinement as creditable service, and for declaration that amended 10 U.S.C. § 972(b) is inapplicable to officers who entered into pre-trial agreements prior to the date of that amendment). That court dismissed the petition without prejudice on June 30, 2003, based upon petitioner's failure to demonstrate that administrative remedies, such as through the Board for Correction of Naval Records[3] or the Navy Clemency and Parole

---

[3]Respondents indicate that one month later petitioner asked the Board for Correction of Naval Records to change his service record to reflect his involuntary separation from the naval service by December 1, 1993, pursuant to 10 U.S.C. § 632 and being twice passed

Board, were unavailable to him.  Petitioner filed the present action some ten months later, but there is nothing in the record to lead this court to a different conclusion.[4]  The court thus concludes the petition for mandamus relief should be dismissed.[5]

IT IS THEREFORE ORDERED that petitioner's application for a writ of mandamus under 28 U.S.C. § 1361 is dismissed without

---

over for promotion, and alleged his general court-martial thus lacked jurisdiction.  The Board denied relief on November 7, 2003, finding the court-martial's jurisdiction had survived appellate scrutiny, and it was precluded by law from setting aside petitioner's conviction.  Petitioner makes no showing that this administrative action included allegations of error in the years credited towards petitioner's retirement.

[4]As in the present case, petitioner also asserted jurisdiction under 5 U.S.C. § 551 and § 702 in his W.D.Tenn. case.  That court found no factual basis for petitioner's assertion of jurisdiction under FOIA, and found petitioner presented no administrative action for judicial review under the APA or exhaustion of administrative remedies.  See Fricke v. Chief of Navy Personnel, Case No. 03-2391-SHM (Doc. 3)(June 30, 2003).  On the record before this court, the same reasoning and decision are adopted.

[5]The court does not decide respondents' alternative argument that the doctrines of res judicata and collateral estoppel bar this court's consideration of the instant petition because petitioner's arguments were or should have been raised in petitioner's earlier cases.  The court notes, however, that the W.D.Tenn. court dismissed petitioner's mandamus petition without prejudice, and that petitioner's retirement claim is arguably not a proper claim for habeas review of a court martial proceeding.  See e.g. U.S. v. Niles, 52 M.J. 716 (A.C.C.A. 2000)(Court of Criminal Appeals lacked jurisdiction under Article 66 of the UCMJ to consider claim that statutes applied to calculation of retirement credit for time served in confinement violated Ex Post Facto Clause, and to take corrective action regarding that calculation); U.S. v. Webb, 53 M.J. 702 (A.C.C.A. 2000)(potential loss of retired pay was a consequence of sentence of dismissal and not a component of the adjudged or approved sentence; Court of Criminal Appeals lacked jurisdiction to consider Ex Post Facto claim that statute precluded eligibility for retired pay).

To the extent petitioner's application can be read as asserting a ripe claim for monetary damages (i.e. retirement pay) in excess of $10,000, respondents correctly note that the United States Court of Federal Claims has exclusive jurisdiction over such a claim under the Tucker Act.  See 28 U.S.C. § 1491.

prejudice.

    DATED:  This 19th day of September 2007 at Topeka, Kansas.


                                                 s/ Richard D. Rogers
                                                RICHARD D. ROGERS
                                                United States District Judge